IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMCA GROUP, LTD.,<br><br>   Plaintiff,<br><br>   v.<br><br>HEWLETT-PACKARD COMPANY, et al.,<br><br>   Defendants | No. C-06-7067 MMC<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; DENYING AS MOOT BRI'S MOTION TO DISMISS CLAIMS ASSERTED AGAINST PINKERTON EUROPE; DENYING AS MOOT HEWLETT-PACKARD'S MOTION TO CONTINUE HEARINGS ON MOTIONS FOR LEAVE TO AMEND AND TO DISMISS; VACATING HEARINGS**<br><br>(Docket Nos. 16, 59, 70) |

Before the Court are three motions: (1) the motion filed January 8, 2007 by Business Risks International Limited (U.K.) ("BRI") to dismiss the claims asserted against Pinkerton Consulting & Investigations Europe ("Pinkerton Europe"); (2) the motion filed February 2, 2007 by plaintiff for leave to file an amended complaint deleting Pinkerton Europe as a defendant and adding BRI and Pinkerton's, Inc. as defendants; and (3) the motion filed February 9, 2007 by defendants Hewlett-Packard Company, Robert Cozzolina and Warren Rother (collectively, "HP") to continue the hearings on the above-referenced motions. Having considered the papers filed in support of and in opposition to the motions, the Court finds the matters appropriate for decision without oral argument, hereby VACATES the February 23, 2007 hearing on the motion to dismiss, as well as the March 9, 2007 hearing on the motion for leave to amend, and rules as follows.

**A. Motion to Amend**

The Court begins with plaintiff's motion for leave to amend. Where, as here, a responsive pleading has been filed to the complaint,[1] the plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a). Generally, leave to amend should be granted with "extreme liberality." See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith or dilatory motive on the part of the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment. See id. at 1052 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." Id. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

Plaintiff states it seeks leave to amend for the purpose of "nam[ing] the correct parties engaged in the wrongful conduct . . . for which it has sought relief." (See Motion to Amend at 5:21-23.) According to plaintiff, it initially named Pinkerton Europe as a defendant because it believed Pinkerton Europe was a separate corporation that engaged in wrongful conduct against plaintiff. (See Motion to Amend at 5:23-26.) Plaintiff learned of BRI's existence when BRI moved to dismiss all claims asserted against Pinkerton Europe and argued BRI "does business as Pinkerton [Europe]." (See Motion to Dismiss at 2:25; Cherry Decl. ¶ 4.) When it received BRI's motion, plaintiff conducted additional research and learned that BRI "appears to be a failing business with a small number of employees and little financial capital" that is wholly-owned by Pinkerton's, Inc. (See Motion to Amend at 6:17-21; Cherry Decl. ¶ 7 and Ex. C.) Plaintiff thus seeks leave to amend its complaint

---

[1] Defendants PICA, HP, and Kevin Hunsaker have filed answers to the complaint.

to drop Pinkerton Europe as a defendant, to add BRI and Pinkerton's, Inc. as new defendants, and to allege that BRI and Pinkerton's, Inc. are alter egos or agents of each other.

As plaintiff has not amended its complaint previously, it has not repeatedly failed to cure deficiencies by previous amendments. BRI does not contend that plaintiff engaged in undue delay or bad faith in seeking to amend, or that it would suffer undue prejudice if leave to amend were granted. Rather, BRI argues amendment would be futile because (1) the Court lacks personal jurisdiction over BRI, and (2) although BRI, in a corporate filing, identified Pinkerton's, Inc. as owner of all but one of BRI's shares, that filing was in error and BRI's shares are actually owned by Pinkerton Consulting & Investigations, Inc. Such factual defenses, however, can be tested by a new motion and, if appropriate, discovery, after the complaint is amended and the new defendants are served. See, e.g., Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (reversing denial of motion for leave to amend complaint where "questions of fact must be resolved to determine" whether proposed amendment would be futile).

Accordingly, plaintiff's motion for leave to amend its complaint will be granted.

### B. Motion to Dismiss

As the Court is granting plaintiff's motion to amend its complaint to, inter alia, drop all causes of action asserted against Pinkerton Europe, BRI's motion to dismiss all such claims will be denied as moot.

### C. Motion to Continue Hearings

In light of the above rulings, there is no need for a hearing on the motion for leave to amend or the motion to dismiss and, accordingly, HP's motion to continue those hearings will be denied as moot.

## CONCLUSION

For the reasons set forth above,

1. Plaintiff's motion for leave to amend its complaint is hereby GRANTED. Plaintiff shall file its amended complaint no later than February 23, 2007.

3

2. BRI's motion to dismiss all claims asserted against Pinkerton Europe is hereby DENIED as moot.

3. HP's motion to continue the hearings on the above-referenced motions is hereby DENIED as moot.

This order terminates Docket Nos. 16, 59, and 70.

**IT IS SO ORDERED**.

Dated: February 16, 2007

_____
MAXINE M. CHESNEY
United States District Judge