IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMCA GROUP, LTD., | No. C-06-7067 MMC |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE BRI'S MOTION TO DISMISS; GRANTING MMCA'S REQUEST FOR JURISDICTIONAL DISCOVERY; VACATING HEARING** |
| v. | |
| HEWLETT-PACKARD COMPANY, et al., | |
| Defendants | (Docket No. 181) |
| / | |

Before the Court is defendant Business Risks International, Ltd.'s ("BRI") motion, filed August 2, 2007, to dismiss plaintiff's complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff MMCA Group, Ltd. ("MMCA") has filed opposition to the motion, to which BRI has replied. Having considered the papers filed in support of and in opposition to the motion, the Court finds this matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the September 7, 2007 hearing.

For the reasons set forth in MMCA's opposition, the Court finds MMCA is entitled to take jurisdictional discovery on the issue of whether BRI is the alter ego or agent of Pinkerton Consulting & Investigations, Inc. See, e.g., Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 (9th Cir. 1977) (internal quotation and citation omitted)

(holding discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary"); see also Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (holding plaintiff entitled to take jurisdictional discovery with respect to alter ego and agency theories where plaintiff submitted evidence that one company was wholly owned by another and both companies shared officers and office space).

Accordingly, BRI's motion to dismiss is hereby DENIED without prejudice to BRI's filing a new motion to dismiss for lack of personal jurisdiction, once jurisdictional discovery has been completed. The Court declines to address the parties' arguments as to whether plaintiff must comply with the Hague Convention in propounding discovery to BRI; such issue may be addressed by separate motion to Magistrate Judge Edward M. Chen, the magistrate judge to whom all discovery disputes have been referred.

This order terminates Docket No. 181.

**IT IS SO ORDERED.**

Dated: September 5, 2007

                                                                    _____
                                                                    MAXINE M. CHESNEY
                                                                    United States District Judge