Bingham McCutchen LLP
WILLIAM F. ABRAMS (SBN 88805)
william.abrams@bingham.com
KRISTEN A. PALUMBO (SBN 215857)
kristen.palumbo@bingham.com
MAZEN M. BASRAWI (SBN 235475)
mazen.basrawi@bingham.com
ERIN A. SMART (SBN 246288)
erin.smart@bingham.com
1900 University Avenue
East Palo Alto, CA  94303-2223
Telephone:  650.849.4400
Facsimile:  650.849.4800

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MMCA GROUP LTD, a Virginia Corporation, | No. CV 06-7067 MMC (EMC) |
| Plaintiff,<br>v. | STIPULATED PROTECTIVE ORDER |
| HEWLETT-PACKARD COMPANY, a Delaware corporation, PINKERTON CONSULTING & INVETIGATIONS, INC., a Delaware corporation; BUSINESS RISKS INTERNATIONAL, LIMITED, an United Kingdom corporation, d/b/a PINKERTON CONSULTING & INVESTIGATIONS EUROPE, a foreign corporation, PICA, an Ohio corporation,<br>Defendants. | |

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public

1  disclosure and from use for any purpose other than prosecuting this action is warranted.
2  Accordingly, the parties hereby stipulate to and petition the Court to enter the following
3  Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer
4  blanket protections on all disclosures or responses to discovery and that the protection it affords
5  extends only to the limited information or items that are entitled under the applicable legal
6  principles to treatment as confidential.  The parties further acknowledge, as set forth in
7  Section 12, below, that this Order creates no entitlement to file confidential information under
8  seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the
9  standards that will be applied when a party seeks permission from the Court to file material
10 under seal.

2.     DEFINITIONS

    2.1    Party:  any party to the Lawsuit, including all of its officers, directors, employees, and Counsel.

    2.2    Lawsuit:  the case currently pending in the federal District Court for the Northern District of California known as *MMCA Group Ltd. v. Hewlett-Packard Company, et al.*, Case Number 06-7067 MMC (EMC).

    2.3    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained including, without limitation, testimony, transcripts, or tangible things that are produced or generated in disclosures or responses to discovery in this matter.

    2.4    "CONFIDENTIAL" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

    2.5    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "CONFIDENTIAL" Information or Items whose

1 disclosure would create a substantial risk of serious injury that could not be avoided by less
2 restrictive means.

3   2.6 <u>Protected Material</u>:  any Disclosure or Discovery Material that is
4 designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
5 ONLY."

6   2.7 <u>Producing Party</u>:  a Party or non-party that produces Disclosure or
7 Discovery Material in this action.

8   2.8 <u>Designating Party</u>:  a Party or non-party that designates Disclosure or
9 Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
10 EYES ONLY."

11   2.9 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material
12 from a Producing Party.

13   2.10 <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are
14 retained to represent or advise a Party in this action.

15   2.11 <u>House Counsel</u>:  attorneys who are employees of a Party.

16   2.12 <u>Counsel (without qualifier)</u>:  Outside Counsel, House Counsel, and their
17 respective staffs.

18   2.13 <u>Expert</u>:  a person with specialized knowledge or experience in a matter
19 pertinent to this action who has been retained by a Party or its Counsel to serve as an expert
20 witness or as a consultant in this action.  This definition includes professional jury or trial
21 consultants retained in connection with this action.

22   2.14 <u>Professional Vendors</u>:  persons or entities that provide litigation support
23 services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;
24 organizing, storing, retrieving data in any form or medium) and their staff and subcontractors.

25 3. <u>SCOPE</u>

26

1	The protections conferred by this Order cover not only Protected Material (as
2	defined above), but also any information copied or extracted therefrom, as well as all copies,
3	excerpts, summaries, or compilations thereof, as well as testimony, conversations, or
4	presentations by Parties or Counsel that might reveal Protected Material.
5	4.	DURATION
6	The confidentiality obligations imposed by this Order shall remain in effect until a
7	Designating Party agrees otherwise in writing or a court order otherwise directs.  These
8	confidentiality obligations survive the termination of this action.
9	5.	DESIGNATING PROTECTED MATERIAL
10	5.1	Exercise of Restraint and Care in Designating Material for Protection.  A
11	Designating Party must limit any designation to specific material that qualifies for protection
12	under the standards set forth in this Order.  A Designating Party must designate for protection
13	only those parts of Disclosure or Discovery Material that qualify for protection.  Portions of the
14	Disclosure or Discovery Material for which protection is not warranted may not be protected
15	under this Order.
16	Mass, indiscriminate, or routinized designations are prohibited.  Designations that
17	are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
18	unnecessarily encumber or retard the case development process, or to impose unnecessary
19	expenses and burdens on other parties), expose the Designating Party to sanctions by the Court.
20	If it comes to a Designating Party's attention that Disclosure or Discovery
21	Material it designated for protection does not qualify for protection, or does not qualify for the
22	level of protection initially asserted, that Designating Party must promptly withdraw the
23	mistaken designation and promptly notify all other Parties of its withdrawal.
24	The following information is not Protected Material: (a) any Disclosure or
25	Discovery Material that at the time of disclosure or production is in the public domain, or that,
26	after its disclosure or production, becomes part of the public domain as a result of publication not

1  involving a violation of this Order; (b) any Disclosure or Discovery Material that the Receiving
2  Party can show by dated written records was already known to it prior to the disclosure or
3  production; (d) any Disclosure or Discovery Material that the Receiving Party can show by
4  written records was received by it after the disclosure or production from a source who obtained
5  the information lawfully and under no obligation of confidentiality to the producing party; and
6  (e) any Disclosure or Discovery Material which the Receiving Party can show by dated written
7  records was independently developed by it after the time of disclosure or production by
8  personnel who have not had access to the Producing Party's Protected Material.

9           5.2      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this
10 Order (see, e.g., Section 5.2(a)), or as otherwise stipulated or ordered, material that qualifies for
11 protection under this Order must be clearly so designated before the Disclosure or Discovery
12 Material is disclosed or produced.

13           Designation in conformity with this Order requires:

14           (a)      <u>for information in documentary form</u> (apart from transcripts of depositions
15 or other pretrial or trial proceedings) that the Producing Party affix the legend
16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each
17 page that contains Protected Material.  If only a portion or portions of the material on a page
18 qualifies for protection, the Producing Party also must clearly identify the protected portion(s)
19 (e.g., by making appropriate markings in the margins) and must specify, for each portion, the
20 level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
21 ATTORNEYS' EYES ONLY").

22           A Producing Party that makes original documents or materials available for
23 inspection need not designate them for protection until after the inspecting Party has stated which
24 material it would like copied and produced.  During the inspection and before the designation, all
25 of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
26 ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

1  copied and produced, the Producing Party must determine which documents, or portion(s)
2  thereof, qualify for protection under this Order.  Before producing the specified documents, the
3  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
4  CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected
5  Material.  If only a portion or portions of the material on a page qualifies for protection, the
6  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
7  markings in the margins) and must specify, for each portion, the level of protection being
8  asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
9  ONLY").
10             (b)      for testimony given in deposition or in other pretrial or trial proceedings,
11 that the Party or non-party offering or sponsoring the testimony identify on the record, before the
12 close of the deposition, hearing, or other proceeding, all protected testimony, and further specify
13 any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS'
14 EYES ONLY."  When it is impractical to identify separately each portion of testimony that is
15 entitled to protection, and when it appears that substantial portions of the testimony may qualify
16 for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on
17 the record (before the deposition or proceeding is concluded) a right to have up to 20 days after
18 the transcripts are received to identify the specific portions of the testimony as to which
19 protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or
20 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the
21 testimony that are appropriately designated for protection within the 20 days shall be covered by
22 the provisions of this Order.
23             Transcript pages containing Protected Material must be separately bound by the
24 court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or
25 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or
26 non-party offering, sponsoring, or giving the testimony.

(c)     for information disclosed or produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive a Party's right to secure protection under this Order for such material.  If the Disclosure or Discovery Material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after disclosure or production, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Disclosure or Discovery Material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the action, a Party does not waive its right to challenge a confidentiality designation by not promptly challenging an initial confidentiality designation.

6.2     Meet and Confer.  A Party that challenges a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly, via voice-to-voice dialogue, with Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was improper and must provide the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the designation.  A challenging Party may seek judicial intervention only if it has first engaged in this meet and confer process.

6.3     Judicial Intervention.  A Party that continues to challenge a confidentiality designation after considering the justification offered by the Designating Party may file a motion with the Court that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer process.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material only for prosecuting, defending or attempting to settle the Lawsuit.  A Receiving Party may use, store, or maintain Protected Material only at a location and in a manner that ensures access is limited to the persons authorized under this Order.

A Receiving Party may disclose Protected Material only to the categories of persons and under the conditions described in this Order.  A Receiving Party may disclose Protected Material only to persons to whom disclosure is reasonably necessary to prosecute, defend or attempt to settle the Lawsuit.

When the Lawsuit has been terminated, a Receiving Party must comply with the provisions of Section 13 of this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose "CONFIDENTIAL" Information or Items only to:

1         (a)     the Receiving Party's Outside Counsel of record in this action, and employees of said Counsel;

        (b)     the Receiving Party (if an individual), or the officers, directors, and employees (including House Counsel) of the Receiving Party. Any person to whom disclosure is made under this sub-section shall have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (c)     Experts of a Receiving Party who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Disclosure of Protected Material to an Expert requires prior compliance with the provisions of Section 8 of this Order;

        (d)     the Court and its personnel;

        (e)     court reporters, their staffs, and Professional Vendors who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (f)     during their depositions, witnesses in the Lawsuit who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

        (g)     the author of the document or the original source of the information.

        7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items only to:

        (a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel;

        (b)     Experts of a Receiving Party who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Disclosure of Protected Material to an Expert requires prior compliance with the provisions of Section 8 of this Order;

        (c)     the Court and its personnel;

9    Case No. 06-7067 MMC (EMC)
STIPULATED PROTECTIVE ORDER
A/21711253.3/2007550- 0000323151A/21711253.1/2007550-0000323151

(d)     court reporters, their staffs, and Professional Vendors who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)     the author of the document or the original source of the information.

8.   DISCLOSURE OF PROTECTED MATERIAL TO EXPERTS

Prior to disclosing Protected Material to an Expert, a Party must give written notice of the proposed disclosure to the Designating Party.  The notice must include the curriculum vitae of the Expert and the following information about the Expert: (a) business address; (b) business title; (c) business or profession; (d) any previous or current relationship (personal or professional) with any of the Parties; and (e) a listing of other cases in which the Expert has testified (at trial or deposition), and all companies with which the Expert has consulted or by which the Expert has been employed, within the last four years.  The notice may be sent by hand delivery, facsimile or Federal Express.  If by hand delivery or facsimile, notice must be sent at least seven (7) days prior to disclosure.  If by Federal Express, notice must be sent at least ten (10) days prior to disclosure.  If the Designating Party serves the Party seeking to disclose Protected Material with a written objection to the proposed disclosure before it is made, Protected Material may not be disclosed to the Expert until the objection is resolved or waived.

The Designating Party must wait seven (7) days after service of its objection by hand delivery or facsimile (or ten (10) days after service by Federal Express) before filing an objection to the proposed disclosure with the Court.  The Designating Party then has seven (7) days after the expiration of that waiting period in which to file an objection to the proposed disclosure or its objection to the disclosure of Protected Material to that Expert will be waived.

9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED
     PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material, the Receiving Party must so notify the Designating Party in writing (by fax, if possible) immediately, and in no event more than

three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Party to disobey a lawful directive from another court.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11. <u>INADVERTENTLY PRODUCED DOCUMENTS — NO WAIVER OF PRIVILEGE</u>

Inspection, identification, or production of Disclosure or Discovery Material shall not constitute a waiver of the attorney-client privilege, work product protection, or any other applicable privilege or protection if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party promptly

designates any such Disclosure or Discovery Material as within the attorney-client privilege or work product protection or any other applicable privilege or protection and promptly requests in writing return of that Disclosure or Discovery Material.  Upon such request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced Disclosure or Discovery Material.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product protection or other applicable designation of privilege or protection by submitting a written challenge to the Court, after returning all copies of the inadvertently-produced Disclosure or Discovery Material.  The Party returning such inadvertently produced Disclosure or Discovery Material shall not assert as a ground for entering an order compelling production of the inadvertently produced Disclosure or Discovery Material the fact or circumstances of the inadvertent production.

12.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

13.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate)

1  all the Protected Material that was returned or destroyed, and that affirms that the Receiving
2  Party has not retained any copies, abstracts, compilations, summaries or other forms of
3  reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel
4  are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal
5  memoranda, correspondence or attorney work product, even if such materials contain Protected
6  Material.  Any such archival copies that contain or constitute Protected Material remain subject
7  to this Order as set forth in Section 4 of this Order.

8  14.     MISCELLANEOUS

9           14.1    Right to Further Relief.  Nothing in this Order abridges the right of any
10 person to seek its modification by the Court in the future.

11          14.2    Right to Assert Other Objections.  Nothing in this Order waives the right
12 of any Party to object to disclosing or producing any information or item on any ground not
13 addressed in this Order.  Similarly, no Party waives any right to object on any ground to use as
14 evidence of any of the material covered by this Order.

15          14.3    Governing Jurisdiction.  This Court is responsible for the interpretation
16 and enforcement of this Order.  All disputes concerning Protected Material produced under the
17 protection of this Order shall be resolved by this Court.

18 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

19

20 DATED: May 9, 2008

21                                           Bingham McCutchen LLP

22

23                                           By:_____/s/ William F. Abrams_____
                                                     William F. Abrams
24                                               Attorneys for HEWLETT-PACKARD
                                                         COMPANY
25

                                                         *Signatures continue on next page.*
26
                                              13                      Case No. 06-7067 MMC (EMC)

STIPULATED PROTECTIVE ORDER

1  DATED: March 21, 2008            By: /s/ Luis M. Alcalde
                                        Luis M. Alcalde
                                        CRABBE BROWN & JAMES
                                        500 South Front Street
                                        Columbus, Ohio 43215
                                        Telephone: (614) 229-4573
                                        Facsimile: (614) 229-4559

                                        *Attorneys for Defendant*
                                        *PICA CORPORATION*


8  DATED: March ____, 2008         By:_____
                                        James C. Krieg, Esq.
                                        KRIEG KELLER SLOAN REILLEY &
                                        ROMAN
                                        114 Sansome Street, 4th Floor
                                        San Francisco, CA 94104
                                        Telephone: (415) 249-8330
                                        Facsimile: (415) 249-8333

                                        *Attorneys for Defendant*
                                        *BUSINESS RISKS INTERNATIONAL*
                                        *LIMITED (U.K.), sued as PINKERTON*
                                        *CONSULTING AND INVESTIGATIONS,*
                                        *EUROPE*


18 DATED: March ____, 2008         By:_____
                                        Thomas Marc Litton
                                        LITTON & GEONETTA, LLP
                                        120 Montgomery Street, Suite 1600
                                        San Francisco, CA 94104
                                        Telephone: 415-421-4770
                                        Facsimile: 415-421-4785

                                        *Attorneys for Plaintiff*
                                        *MMCA GROUP, LTD.*

| | | |
|---|---|---|
| 1 | DATED: March ____, 2008 | By:_____ |
| 2 | | Luis M. Alcalde |
| | | CRABBE BROWN & JAMES |
| 3 | | 500 South Front Street |
| | | Columbus, Ohio 43215 |
| 4 | | Telephone: (614) 229-4573 |
| | | Facsimile: (614) 229-4559 |
| 5 | | |
| 6 | | *Attorneys for Defendant* |
| | | *PICA CORPORATION* |
| 7 | | |
| 8 | DATED: April 3, 2008 | By: /s/ Allison Lane Cooper |
| 9 | | Allison Lane Cooper, Esq. |
| | | KRIEG KELLER SLOAN REILLEY & |
| 10 | | ROMAN |
| | | 114 Sansome Street, 4th Floor |
| 11 | | San Francisco, CA 94104 |
| | | Telephone: (415) 249-8330 |
| 12 | | Facsimile: (415) 249-8333 |
| 13 | | |
| 14 | | *Attorneys for Defendant* |
| | | *BUSINESS RISKS INTERNATIONAL* |
| 15 | | *LIMITED (U.K.), sued as PINKERTON* |
| | | *CONSULTING AND INVESTIGATIONS,* |
| 16 | | *EUROPE* |
| 17 | | |
| 18 | DATED: March ____, 2008 | By:_____ |
| 19 | | Thomas Marc Litton |
| | | LITTON & GEONETTA, LLP |
| 20 | | 120 Montgomery Street, Suite 1600 |
| | | San Francisco, CA 94104 |
| 21 | | Telephone: 415-421-4770 |
| | | Facsimile: 415-421-4785 |
| 22 | | |
| 23 | | *Attorneys for Plaintiff* |
| | | *MMCA GROUP, LTD.* |
| 24 | | |
| 25 | | |
| 26 | | |

14

Case No. 06-7067 MMC (EMC)

STIPULATED PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | DATED: March ____, 2008 | By:_____ |
| 2 | | Luis M. Alcalde |
| | | CRABBE BROWN & JAMES |
| 3 | | 500 South Front Street |
| | | Columbus, Ohio 43215 |
| 4 | | Telephone: (614) 229-4573 |
| | | Facsimile: (614) 229-4559 |
| 5 | | |
| 6 | | *Attorneys for Defendant* |
| | | *PICA CORPORATION* |
| 7 | | |
| 8 | DATED: March ____, 2008 | By:_____ |
| 9 | | James C. Krieg, Esq. |
| | | KRIEG KELLER SLOAN REILLEY & |
| 10 | | ROMAN |
| 11 | | 114 Sansome Street, 4th Floor |
| | | San Francisco, CA 94104 |
| 12 | | Telephone: (415) 249-8330 |
| | | Facsimile: (415) 249-8333 |
| 13 | | |
| 14 | | *Attorneys for Defendant* |
| | | *BUSINESS RISKS INTERNATIONAL* |
| 15 | | *LIMITED (U.K.), sued as PINKERTON* |
| | | *CONSULTING AND INVESTIGATIONS,* |
| 16 | | *EUROPE* |
| 17 | | |
| 18 | DATED: March 7, 2008 | By:_____ |
| 19 | | Thomas Marc Litton |
| | | LITTON & GEONETTA, LLP |
| 20 | | 120 Montgomery Street, Suite 1600 |
| | | San Francisco, CA 94104 |
| 21 | | Telephone: 415-421-4770 |
| | | Facsimile: 415-421-4785 |
| 22 | | |
| 23 | | *Attorneys for Plaintiff* |
| | | *MMCA GROUP, LTD.* |
| 24 | | |
| 25 | | |
| 26 | | |

1  PURSUANT TO STIPULATION, IT IS SO ORDERED

3  Dated: _____May 12_____, 2008

   _____
   Honorable Maxine M. Chesney
   United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *MMCA Group Ltd. v. Hewlett-Packard Company, et al.*, Case No. CV 06-7067 MMC (EMC).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
[print name]

Signature:_____
[signature]