United States District Court

For the Northern District of California

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   MMCA GROUP, LTD.,                              No. C-06-7067 MMC

11                  Plaintiffs,                     **ORDER GRANTING IN PART AND
                                                    DENYING IN PART PLAINTIFF'S**
12        v.                                        **ADMINISTRATIVE MOTION TO FILE
                                                    DOCUMENTS UNDER SEAL**
13   HEWLETT-PACKARD COMPANY, et al.,

14                  Defendants.
                                              /
15

16        Before the Court is plaintiff's "Administrative Motion to File Documents under Seal,"

17   filed December 3, 2008, by which plaintiff seeks to file under seal certain documents

18   submitted in support of its opposition to defendant Hewlett-Packard Company's ("HP")

19   motion for partial summary judgment or, in the alternative, judgment on the pleadings.  No

20   opposition has been filed.  Having read and considered the motion and the declarations of

21   Frederick J. Geonetta and Erin A. Smart in support thereof, the Court rules as follows.

22        1.  With respect to exhibits 1, 2, 5, 6, 7, 8, 9, 10, and 11 to the Declaration of

23   Kenneth A. Frucht ("Frucht declaration"), the Declaration of Moragn A. Cherry ("Cherry

24   declaration") and exhibits 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 thereto, the

25   Declaration of Thomas Byrne ("Byrne declaration") and exhibits 1, 6, and 7 thereto, the

26   Declaration of Aldo Alvarez, the Declaration of Pedro Martinez, the Declaration of Lau

27   Geckler, and the unredacted version of plaintiff's memorandum in opposition to HP's

28

1    motion,[1] the motion is GRANTED.

2        2.  Exhibits 3 and 4 to the Frucht declaration appear to have been designated

3    "confidential" by HP, as plaintiff makes no showing as to their sealability  Under the Local

4    Rules of this District, where a party seeks to file under seal any material designated as

5    confidential by another party, the submitting party must file a motion for a sealing order.

6    See Civ. L.R. 79-5(d).  "Within five days thereafter, the designating party must file with the

7    Court and serve a declaration establishing that the designated information is sealable, and

8    must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the

9    designation of confidentiality."  Id.

10       Here, HP's responsive declaration fails to establish "that the designated information

11   is sealable."  See id.  Accordingly, with respect to exhibits 3 and 4 to the Frucht declaration,

12   the motion is DENIED.

13       3.  With respect to exhibit 1 to the Cherry declaration and exhibits 2, 3, 4, and 5 to

14   the Byrne declaration, the motion is DENIED, for the reason that plaintiff no longer seeks to

15   file such documents under seal.  (See Geonetta decl. ¶ 5.)

16       The Clerk shall file under seal all of the above-referenced documents found to be

17   sealable.  If plaintiff wishes the Court to consider any documents not found to be sealable,

18   plaintiff shall file such documents in the public record no later than December 19, 2008.

19       **IT IS SO ORDERED.**

20   Dated:  December 16, 2008

21                                                    MAXINE M. CHESNEY
                                                      United States District Judge

22

23

24

25

26

27   _____

28       [1]On December 3, 2008, plaintiff filed a redacted version of its memorandum in the
     public record.

2