United States District Court

For the Northern District of California

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   MMCA GROUP, LTD.,                        No. C-06-7067 MMC

11            Plaintiffs,                     **ORDER GRANTING IN PART AND
                                              DENYING IN PART PLAINTIFF'S**
12     v.                                     **ADMINISTRATIVE MOTION TO FILE
                                              DOCUMENTS UNDER SEAL**
13   HEWLETT-PACKARD COMPANY, et al.,

14            Defendants.

15   _____/

16        Before the Court is plaintiff's "Administrative Motion to File Documents under Seal,"

17   filed January 30, 2009, by which plaintiff seeks to file under seal certain documents

18   submitted in support of its opposition to defendant PICA Corporation's ("PICA") motion for

19   summary judgment, or in the alternative, partial summary judgment.  PICA has filed

20   opposition.  Having read and considered the papers filed in support of and in opposition to

21   the motion, the Court rules as follows.

22        1.  With respect to the Declaration of Thomas Byrne ("Byrne Declaration") and

23   Exhibits 1, 6, and 7 thereto, the Declaration of Morgan Cherry ("Cherry Declaration") and

24   Exhibits 2-14 thereto, the Declaration of Lau Geckler, the Declaration of Jorge Barahona,

25   the Declaration of Pedro Martinez, the Declaration of Aldo Alvarez, the Declaration of

26   Robert Creswell ("Creswell Declaration") and Exhibits 1 and 3-9 thereto, Exhibits 5-11 and

27   14-23 to the Declaration of Frederick J. Geonetta in Opposition to Defendant PICA's Motion

28   ("Geonetta Summary Judgment Declaration"), and the unredacted version of plaintiff's

1    memorandum in opposition to PICA's motion for summary judgment, or in the alternative,

2    partial summary judgment,[1] the motion is GRANTED.

3         2.  With respect to Exhibit 2 to the Creswell Declaration, plaintiff states "defendant

4    PICA and possibly defendant HP may seek" to have such document filed under seal.  (See

5    Geonetta Decl. in Support of Admin. Mot. to Seal ("Geonetta Sealing Declaration") ¶ 8.)

6    Under the Local Rules of this District, where a party seeks to file under seal any material

7    designated as confidential by another party, the submitting party must file a motion for a

8    sealing order.  See Civ. L.R. 79-5(d).  "Within five days thereafter, the designating party

9    must file with the Court and serve a declaration establishing that the designated information

10   is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must

11   withdraw the designation of confidentiality."  Id.

12        Here, PICA has not filed a responsive declaration, and the responsive declaration of

13   defendant Hewlett-Packard Company ("HP") fails to establish "that the designated

14   information is sealable."  See id.  Accordingly, with respect to Exhibit 2 to the Creswell

15   Declaration, the motion is DENIED.

16        3.  With respect to Exhibits 2, 3, 4, and 5 to the Byrne Declaration and Exhibit 1 to

17   the Cherry Declaration, the motion is DENIED, for the reason that plaintiff no longer seeks

18   to file such documents under seal.  (See Geonetta Sealing Decl.  ¶ 5.)

19        4.  With respect to Exhibits 8-12 to the Byrne Declaration, Exhibit 1 to the Barahona

20   Declaration, and the Geonetta Summary Judgment Declaration, the motion is DENIED, for

21   the reason that plaintiff has failed to file a declaration establishing that such documents are

22   sealable.  See Civ. L.R. 79-5(b)(1).  The Court, however, will afford plaintiff an opportunity

23   to supplement its showing with respect to said documents.

24        5.  With respect to Exhibits 1-4 and 12-13 to the Geonetta Summary Judgment

25   Declaration, the motion is DENIED, for the reason that plaintiff's statement that the

26   Geonetta Summary Judgment Declaration "contains a number of documents produced by

27   ───────────────

28        [1]On January 30, 2009, plaintiff filed a redacted version of its memorandum in the
     public record.

2

1   the parties over the course of the litigation, most of which are designated by one or more

2   parties as either Confidential or for Attorneys' Eyes Only" (<u>see</u> Geonetta Sealing Decl. ¶ 9)

3   is insufficient to establish the documents are sealable.  <u>See, e.g.</u>, Civ. L.R. 79-5(a)

4   (providing "[a] stipulation, or a blanket protective order that allows a party to designate

5   documents as sealable, will not suffice to allow the filing of documents under seal").[2]  The

6   Court, however, will afford plaintiff an opportunity to supplement its showing with respect to

7   said documents.

8        The Clerk shall file under seal all of the above-referenced documents found to be

9   sealable.  If plaintiff wishes the Court to consider any document referenced in paragraph 2

10  or paragraph 3, <u>supra</u>, plaintiff shall file such document in the public record no later than

11  February 13, 2009.  If plaintiff wishes the Court to consider any document referenced in

12  paragraph 4 or paragraph 5, <u>supra</u>, plaintiff, no later than February 13, 2009, shall either

13  file such document in the public record or file a renewed administrative motion to seal

14  accompanied by a declaration establishing such document is sealable.

15       **IT IS SO ORDERED.**

16  Dated:  February 9, 2009

17                                                    MAXINE M. CHESNEY
                                                      United States District Judge

18

19

20

21

22

23

24

25

26

27       [2]With respect to Exhibits 5-11 and 14-23 to the Geonetta Summary Judgment
28  Declaration, HP has filed a declaration establishing such documents are sealable.  (<u>See</u> Smart Decl. ¶¶ 4-5.)