UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMCA GROUP, LTD., | No. C-06-7067 MMC (EMC) |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF MARCH 27, 2009** |
| HEWLETT-PACKARD COMPANY, *et al.*, | |
| Defendants. | **(Docket No. 491)** |

Plaintiff MMCA Group, Ltd. and Defendant PICA Corporation have submitted a joint letter, dated March 27, 2009, regarding a discovery dispute. The dispute involves whether or not MMCA's designation of certain documents as "Highly Confidential – Attorney's Eyes Only" was appropriate. Having reviewed the joint letter and the accompanying submissions, the Court hereby **GRANTS** in part and **DENIES** in part PICA's request for de-designation.

## I. DISCUSSION

A.  Power of Attorney Letters

These letters contain the names of MMCA's associates. *See* Joint Letter, Ex. A (sample letter). MMCA's position is that the identities of the associates are trade secrets. The issue of whether the identities are trade secrets is not for the Court to decide; rather, that is an issue for Judge Chesney and/or the trier of fact. Contrary to what PICA argues, the designation issue is separate and distinct from this ultimate issue. Because there is a risk that the letters contain sensitive trade secret information and because PICA has not demonstrated a substantial need to have Mr. Alcalde view the letters for the upcoming depositions, the Court shall not order any de-designation, with one

exception. That exception is as follows: For any associate whose identity was allegedly divulged to PICA, MMCA shall de-designate any power of attorney letter, to the extent it exists. The de-designation shall be from "Highly Confidential – Attorney's Eyes Only" to "Confidential."

B.  Invoice Summaries

The invoice summaries are in essence billing summaries. *See* Joint Letter, Ex. C (sample invoice summary). The Court rejects MMCA's argument that the invoice summaries are deserving of the highest level of protection, particularly because (1) they do not contain any detailed information about pricing and (2) they reflect only work that MMCA did for HP, and PICA is now undisputedly HP's vendor for anticounterfeiting services. Accordingly, the Court orders that the invoice summaries be de-designated from "Highly Confidential – Attorney's Eyes Only" to "Confidential."

C.  Invoices

While the invoice summaries do not contain any detailed information about pricing, the actual invoices do. *See* Joint Letter, Ex. B (sample invoice). Moreover, contrary to what PICA contends, the invoices also reflect information about the means by which the investigations were conducted, which MMCA asserts are part of its trade secrets. Accordingly, the Court shall not order any de-designation of these documents.

D.  Form Questionnaire

The form questionnaire is a list of questions used by MMCA employees in answering HP's counterfeit hotline. *See* Joint Letter, Ex. D (form questionnaire). While MMCA likely would not provide the questionnaire to a competitor, the Court does not see any serious injury that MMCA would suffer if PICA – Mr. Alcalde, in particular – were permitted to see the questionnaire. *See* Prot. Order ¶ 2.5 (defining "Highly Confidential – Attorney's Eyes Only" information as extremely sensitive "Confidential" information "whose disclosure would create a substantial risk of serious injury that could not be avoided by less restrictive means"). Notably, even MMCA admits that the information is not critical. Accordingly, the Court orders that the questionnaire be de-designated from "Highly Confidential – Attorney's Eyes Only" to "Confidential."

E.  E-mail Chains

There are two e-mail chains that MMCA claims should be protected by the designation "Highly Confidential – Attorney's Eyes Only." *See* Joint Letter, Exs. E-F (e-mail chains). MMCA claims that the e-mail chains reflect information about the means by which the investigations were conducted. Although these isolated e-mail communications do not seem to reflect much information about the means by which the investigations were conducted (in contrast to the invoices themselves, particularly when taken as a whole), the Court cannot say that the communications do not reflect any information, and accordingly it shall allow MMCA's designation to stand.

## II.  CONCLUSION

For the foregoing reasons, PICA's request for de-designation is granted in part and denied in part.

IT IS SO ORDERED.

Dated: March 31, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge