Bingham McCutchen LLP
WILLIAM F. ABRAMS (SBN 88805)
william.abrams@bingham.com
DAVID S. CANNON (SBN 209501)
david.cannon@bingham.com
ERIN A. SMART (SBN 246288)
erin.smart@bingham.com
SANDRA C. ZUNIGA (SBN 250881)
sandra.zuniga@bingham.com
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone: 650.849.4400
Facsimile: 650.849.4800

Attorneys for Defendant
Hewlett-Packard Company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MMCA GROUP LTD., a Virginia corporation,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation, PICA CORPORATION, an Ohio corporation,<br><br>Defendants. | No. C-06-7067 MMC (EMC)<br><br>STIPULATION AND [PROPOSED] ORDER SETTING FURTHER CASE MANAGEMENT CONFERENCE<br><br>[Fed. R. Civ. Proc. 16, Civil L.R. 16-10, 7-12]<br><br>[No Hearing Required]<br><br>Judge:   Hon. Maxine M. Chesney |

///
///
///
///
///
///
///

I.  INTRODUCTION

PICA Corporation ("PICA") has recently changed counsel. In addition, a dispute between PICA and Plaintiff MMCA Group Ltd. ("MMCA") regarding access to attorney's eyes only ("AEO") material for PICA's new in-house counsel has developed. Combined, these developments have meant that the approximately 20 days of deposition scheduled for between May 12 and the June 18 fact discovery deadline have been postponed. These delays now threaten the fact discovery cutoff. MMCA and HP hope to keep the October 19, 2009 trial date. PICA is willing to try to make this trial date work, but may need additional time given the fact that the trial date is only four months away and its new counsel will need to get up to speed by reviewing the approximately 100,000 documents (around 250,000 pages) produced in this case, as well as almost three years' worth of pleadings, written discovery and deposition transcripts. Accordingly, the parties wish to discuss case status and scheduling with the Court. The parties respectfully submit this stipulation and [proposed] order pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rules 16-10 and 7-12 requesting that the Court set a further case management conference prior to June 18. Included as Exhibit A is a joint case management conference statement.

II.  BACKGROUND

On May 7, 2009, the Court granted PICA's counsel's motion to withdraw and ordered PICA to engage new counsel by the following week, or May 15, 2009. Docket 511. PICA interprets the Court's Order to permit PICA's new counsel until June 6, 2009 to enter an appearance, as it provides that PICA's former outside counsel is to continue to receive service until the earlier of 30 days from the date of the Order (*e.g.*, June 8, 2009) or when PICA files a notice of new counsel. After the Court's May 7th Order, PICA was effectively without counsel and without means to file pleadings or otherwise communicate with the Court as it could not, as a corporation, represent itself. PICA immediately began searching for new counsel and, consistent with the Court's May 7th Order, retained new counsel by May 15th.

PICA has retained two new lawyers as replacement counsel. One of the lawyers, Kate Manka, is PICA's new in-house counsel. At the time she was retained by PICA, she was

1  working at a law firm and needed to give two weeks notice to her employer. Ms. Manka entered
2  her appearance on June 4, 2009. PICA's other new attorney practices in a firm in Ohio which
3  PICA has used for over twenty years for other legal matters. PICA intends to file a motion to
4  admit the new outside counsel *pro hac vice* within the next week.
5          As a result of PICA's need to retain new counsel, all of the depositions scheduled
6  for between May 12 and June 18 will need to be rescheduled, and it will now be impossible for
7  the parties to complete fact discovery by the June 18, 2009 cutoff, and to meet the June 18
8  deadline for disclosure of expert witnesses. At this point, the parties have been unsuccessful in
9  re-scheduling any of the depositions because of issues about attorney access to Attorneys' Eyes
10 Only ("AEO") materials, discussed below, although the parties are attempting to schedule a set
11 of six depositions for between June 22 and July 2. Accordingly, MMCA and HP believe the
12 parties will need at least an additional 45 days for expert and non-expert discovery, which will
13 allow them to complete depositions. MMCA and HP want to keep the October 19 trial date.
14 While PICA is willing to work with the parties to keep this trial date, it believes that additional
15 time may be necessary, given the fact that it needed to retain new counsel late in this case, its
16 new counsel will need time to acquaint themselves with the complex legal and factual issues
17 involved, and because of the AEO issues discussed more fully below. PICA believes that
18 seeking additional time under these circumstances is not unreasonable and is necessary to ensure
19 PICA can fairly and adequately defend itself in this case.
20         Disputes have arisen between MMCA and PICA regarding access to AEO
21 material for PICA's new in-house counsel. Because MMCA alleges trade secret
22 misappropriation,[1] it has designated a large portion of the documentary material and testimony in
23 this case as AEO. MMCA and PICA are continuing to meet and confer on this issue, but to date
24 have been unable to reach resolution. MMCA plans to file a Motion for Protective Order, and

---

[1] HP and PICA dispute MMCA's allegations and the Court has under submission separate summary judgment motions from HP and PICA arguing that the material MMCA claims as a trade secret cannot constitute a trade secret as a matter of law. Docket 346-2, 384, 475.

1  will seek a hearing before Judge Chen on shortened time. PICA plans to file a Motion to Modify
2  the Protective Order and will also request a hearing on it before Judge Chen on shortened time.[2]
3  If Judge Chen rules that PICA's new in-house counsel cannot have access to AEO materials,
4  PICA anticipates requesting that the deadlines in this case be extended even longer, perhaps for
5  90 days. This would be because PICA's new outside counsel (who would have full AEO access
6  and would be able to fully participate in the depositions if its in-house counsel cannot) would
7  need sufficient time to get up to speed, and to review the approximate 100,000 documents
8  produced in this case along with the pleadings and deposition transcripts. Outside counsel would
9  also need to review the large portions of deposition transcripts designated by MMCA as AEO
10 and the approximate 10,000 documents designated by MMCA as AEO to determine if this
11 material was properly designated as AEO under the protective order.
12         The parties wish to hold a case management conference with the Court to discuss
13 these scheduling issues and to seek the Court's assistance in developing a revised schedule. The
14 Court has previously invited the parties to seek case management conferences when issues arise
15 and has ordered that no further scheduling changes will occur absent a court appearance. Docket
16 345. The parties are prepared to attend a conference on June 12. Although Judge Chen may not
17 yet have ruled on the anticipated motions regarding the AEO issues, the parties respectfully

---

[2] The parties originally agreed to brief the AEO issues by June 4, with oppositions due June 9 and replies due June 11. They also agreed to request a June 17 hearing. PICA is now unable to meet that schedule. MMCA also did not file any motion by June 4. PICA contends that the AEO issues PICA intends to raise in its motion are not the same as those previously addressed by Judge Chen in the context of PICA's former General Counsel's access to AEO material. Specifically, PICA intends to argue that its new in-house counsel plays a vastly different role than PICA's former General Counsel and should therefore be entitled to AEO material, that current protective order allows MMCA too much discretion in determining what it believes are "trade secrets", allowing abuse of the order through over-designation of material, and further that most if not all of what MMCA has and will continue to designate as trade secret is not trade secret and therefore not protectable as AEO. MMCA disagrees with PICA's assertions, and will oppose PICA's motion, since the protective order is based upon the standard 9th Circuit order, and has been used for designations by all parties since executed without the complaints PICA's new attorneys now raise. If PICA deems any documents or information are improperly designated, the Order provides it with a remedy; it can seek redesignation.

1 believe it was prudent to raise these issues before the expiration of the period for fact discovery
2 and initial expert designations on June 18, 2009.

3 III. CONCLUSION

4     For the reasons discussed above the parties respectfully request that the Court set
5 a further case management conference and accept the attached Exhibit A as the parties' joint case
6 management conference statement.

7 DATED: June 8, 2009

9 By: /s/ William F. Abrams
    William F. Abrams
10     BINGHAM MCCUTCHEN LLP
    1900 University Avenue
11     East Palo Alto, CA 94303
    Telephone: (650) 849-4400
12     Facsimile: (650) 849-4800

13     Attorneys for Defendant
    HEWLETT-PACKARD COMPANY
14 DATED: June 8, 2009

16
17 By: /s/ Kate Manka
    Kate Manka

18     Attorney for Defendant
    PICA Corporation
19 DATED: June 8, 2009
20

22 By: /s/ Frederick J. Geonetta
    Frederick J. Geonetta
23     GEONETTA & FRUCHT LLP
    120 Montgomery Street, Suite 1600
24     San Francisco, CA 94104
    Telephone: (415) 421-4770
25     Facsimile (415) 421-4785

26     Attorneys for Plaintiff
    MMCA GROUP, LTD.
27
28

**Setting Case Management Conference**
~~[Proposed]~~ Order ~~Extending Discovery Deadlines~~

1  
2  IT IS HEREBY ORDERED that the parties appear for a further case management
3  conference before the Honorable Maxine M. Chesney on June 12, 2009 at 10:30 a.m. The Court
4  accepts the parties' joint case management conference statement, submitted as Exhibit A, to the
5  above stipulation.
6  
7  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
8  
   Dated: __June 9_____, 2009
9  
10                                          _____
                                            Hon. Maxine M. Chesney
11                                          United States District Judge