IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMCA GROUP LTD., | No. C-06-7067 MMC |
| Plaintiff, | **ORDER DENYING PICA CORPORATION'S MOTION FOR LEAVE TO AMEND** |
| v. | |
| HEWLETT-PACKARD COMPANY, et al., | |
| Defendants. / | |

Before the Court is defendant PICA Corporation's ("PICA") "Motion for Leave to Amend Answer and File Counterclaim," filed July 10, 2009, by which PICA seeks to file various counterclaims against plaintiff MMCA Group Ltd. ("MMCA") and its president, Morgan Cherry ("Cherry"), and to add an affirmative defense of "Setoff" based thereon. MMCA has filed opposition, to which PICA has replied.

Having read and considered the papers filed in support of and in opposition to the motion, the Court, as set forth below, finds PICA has failed to show good cause for a close to two-year extension of the September 17, 2007 deadline for amendment of pleadings in the instant action. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992) (holding, where motion for leave to amend is made after deadline for amendment of pleadings, movant must show "good cause" for modification of Court's scheduling order; noting "good cause" standard "primarily considers the diligence of the party seeking the amendment").

First, PICA concedes it knew "the basis of some of its counterclaims in May 2008." (See Mot. at 6:14-15.)  Further, to the extent PICA argues certain other facts underlying its counterclaims came to light only from the deposition of Vincent Volpi ("Volpi"), which took place in April 2009 (see id. at 7:2-13), the Court notes that Volpi is PICA's "Chairman and CEO" (see id. at 4:11-12), and PICA has failed to show that any information disclosed at Volpi's deposition was not available to PICA before such deposition.  Moreover, although PICA argues that it did not become aware of other facts underlying its counterclaims before recent depositions and communications among counsel (see, e.g., Reply at 3:26-4:6 (citing Manka Decl., filed July 27, 2009, Ex. A (Deposition of Morgan Cherry, July 22, 2009)); id. at 5:21-26 (citing Manka Decl. Ex. A, B (Deposition of Thomas Byrne, July 20, 2009)); id. at 7:9-11, 16-25 (discussing communications between counsel "this past week")), nothing contained therein suggests PICA could not have filed its counterclaims at least by December 2008, based on the information it had at that time.

Accordingly, PICA's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 30, 2009

MAXINE M. CHESNEY
United States District Judge

2