1  Frederick J. Geonetta (SBN 114824)
   Kenneth N. Frucht, (SBN 178881)
2  GEONETTA & FRUCHT
   100 Montgomery Street, Suite 1600
3  San Francisco, CA 94104
4  Tel: (415) 421-4770
   Tel: (415) 392-4844
5  Fax: (415) 421-4785
   Fax: (415) 392-7973
6
7  Attorneys for Plaintiff
   MMCA Group, Ltd.
8
9
10
11              IN THE UNITED STATES DISTRICT COURT
12           FOR THE NORTHERN DISTRICT OF CALIFORNIA
13                     SAN FRANCISCO DIVISION

| | |
|---|---|
| MMCA GROUP, LTD., a Virginia corporation, | Civil Action No. CV 06-07067-MMC (EMC) |
| Plaintiff | STIPULATION AND [PROPOSED] ORDER SETTING FURTHER CASE MANAGEMENT CONFERENCE (BY TELEPHONE) |
| v. | |
| HEWLETT-PACKARD COMPANY, a Delaware corporation, PICA, an Ohio corporation, | [Fed. R. Civ. Proc. 16, Civil L.R. 16-10, 7-12] |
| | [No Hearing Required] |
| Defendants. | Judge: Hon. Maxine M. Chesney |

1
**STIPULATION AND [PROPOSED] ORDER SETTING FURTHER CMC**

I.     **INTRODUCTION**

Since the last Case Management Conference held on June 12, 2009, the parties have worked diligently to reschedule depositions and complete discovery by the deadlines set at that hearing.  However, several developments have arisen that make it necessary for the parties to again request a case status and scheduling hearing with the Court, and to ask the Court to reset several discovery related dates.   PICA agrees to the request for a change in the case management dates.  However, PICA may also have additions to certain sections of the Joint Case Management Statement (Exhibit A), but has not determined whether it will make those changes as of the date of this filing and thus cannot sign off on the stipulation and Case Management Statement.  Therefore, in order to alert the Court to the request for an adjustment of the Case Management Schedule as soon as possible, this stipulation, and the Joint Case Management Statement are signed only by MMCA and HP.  PICA expects to join in the Stipulation and Case Management Statement as soon as it determines what changes it desires in the Case Management Statement.  If the Court sets the Case Management Conference on August 28, 2009 as requested, PICA's counsel may have to appear by phone from Ohio, because PICA's other counsel will be attending a deposition in San Francisco.

The changes requested will not impact the trial date and the parties do not seek or desire a new trial date.  However, despite the diligence of the parties there are several remaining witnesses whose depositions have not yet been completed.  Additionally, a discovery dispute relating to Defendants' highly sensitive business information has only recently been resolved through an extensive meet and confer process, and the late production of this information will not leave enough time for the parties experts to review and analyze the information and incorporate it into their Rule 26 expert disclosures and reports.  Accordingly, the parties seek a Case Management Conference in order to discuss case status and scheduling with the Court.  The parties ask the Court to extend the fact discovery cut-off by two weeks in order to allow completion of certain specified depositions, to allow extension of the expert discovery dates, and to also allow additional time (two weeks total from the current schedule) to file supplemental briefing on Defendants'

respective motions for summary judgment. The parties <u>do not</u> seek a general extension of the discovery cut-off – but rather seek the extension only for the purpose of taking the depositions that were previously scheduled and that the parties have been unable, despite much effort, to complete. The parties respectfully submit this stipulation and [proposed] order pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rules 16-10 and 7-12 requesting that the Court set a further case management conference on or prior to August 28.  Included herein as Exhibit A is a joint case management conference statement.

II.   **BACKGROUND**

At the last Case Management Conference on June 12, 2009, the Court reset the trial date to January 19, 2010, and set the fact discovery cut-off and expert disclosures to August 28, 2009. Since that hearing, the parties have scheduled and completed 14 days of depositions, including a week of depositions in Miami, a deposition in Idaho, and depositions in San Francisco of witnesses from South America, South Africa, Washington D.C.and Texas.  The scheduling of several  remaining witnesses, and the fourth and final day of one other witness, has proved impossible because of last minute and previously unknown changes to the schedules of these witnesses, and because of the general difficulty in coordinating and scheduling the depositions of so many witnesses from so many different locations.  The remaining witnesses who could not be deposed by August 28, 2009 are: Jorge Mendoza, who works in the American Embassy in Peru, and whose scheduled August 25 deposition date had to be postponed when he learned that he had to provide security to U.S. legislative committees visiting Peru during Congress' August recess; Robert Creswell, who has business operations in Brazil and whose scheduled August 18, 2009 deposition date was cancelled because of a misunderstanding relating to his travel schedule; Robert Cozzolina, who lives in New Jersey, and whose deposition was previously scheduled but had to be postponed because of the need to accommodate out of country witnesses, and; Tom Byrne, who lives in Virginia, and whose fourth and final day of deposition will be taken at the time of Jorge Mendoza's deposition.  In addition, HP has subpoenaed three third-party corporate entities and their depositions may not be completed before the current fact discovery cut-off

1  because other scheduled depositions create timing conflicts.

2  In addition to the need to schedule depositions beyond the August 28, 2009 discovery cut-off, the parties have been involved in a meet and confer process regarding MMCA's discovery requests seeking information on HP's profit margins for HP's toner and inkjet products. This information constitutes some of HP's most highly sensitive and confidential business information. While MMCA believes this information is necessary to prove damages under an unjust enrichment theory, HP disputes MMCA's damage theory. Nevertheless, the parties have engaged in a lengthy meet and confer process which required extensive consideration by HP, and which finally resulted in an agreement that HP will produce this information. The parties anticipate that HP's response to this request will be provided by August 24, 2009. MMCA and PICA have engaged in a similar dialogue regarding PICA's profit margins, and MMCA anticipates that it will also receive this information shortly. The discovery responses from both HP and PICA will need to be analyzed and evaluated by MMCA's damages experts, and then incorporated into a Rule 26 expert disclosure and report. With the timing of the production of these responses, the expert disclosures and reports cannot be completed by August 28, 2009.

As a result of the forgoing, the Parties need an additional two weeks to complete the remaining depositions discussed above and make their expert disclosures, and an extension on the time to complete expert discovery. The parties lastly seek a brief extension on the time for submitting their supplemental briefing on the summary judgment motions previously submitted. The parties do not request any other adjustments to the case management schedule, including the trial date, and do not believe that any other changes are necessary.

### III.  CONCLUSION

For the reasons discussed above the parties respectfully request that the Court set a further case management conference and accept the attached Exhibit A as the parties' joint case management conference statement.

DATED: August 21, 2009                    By:   /s/ Kenneth Frucht
                                                Kenneth Frucht
                                                GEONETTA & FRUCHT LLP
                                                120 Montgomery Street, Suite 1600

1                                                         San Francisco, CA 94104
Telephone: (415) 421-4770
2                                                         Facsimile (415) 421-4785

3

                                                        Attorneys for Plaintiff
4                                                         MMCA GROUP, LTD.

5

6 DATED:  August 21, 2009                 By:          /s/ William F. Abrams
                                                        William F. Abrams
7                                                        BINGHAM MCCUTCHEN LLP
                                                       1900 University Avenue
8                                                        East Palo Alto, CA 94303
                                                     Telephone: (650) 849-4400
9                                                        Facsimile: (650) 849-4800

10                                                        Attorneys for Defendant
11                                                    HEWLETT-PACKARD COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**STIPULATION AND [PROPOSED] ORDER SETTING FURTHER CMC**

1          **[Proposed] Order**

2          IT IS HEREBY ORDERED that the parties appear for a further case management

3   conference before the Honorable Maxine M. Chesney on August 28, 2009 at 10:30 a.m.  The

4   Court accepts the parties' joint case management conference statement, submitted as Exhibit A, to

5   the above stipulation.   All counsel are directed to appear by telephone.

6

7   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

8

9

10   Dated: August 24, 2009

11

12

13                                                    _____
                                                      Hon. Maxine M. Chesney
14                                                    United States District Judge