UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MMCA GROUP, LTD.,

Plaintiff,

v.

HEWLETT-PACKARD COMPANY, *et al.*,

Defendants.
_____/

No. C-06-7067 MMC (EMC)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO ROCIO CVAR; AND VACATING HEARING**

**(Docket No. 585)**

MMCA has issued a subpoena duces tecum to Rocio Cvar, a former MMCA employee and current PICA employee. Currently pending before the Court is MMCA's motion to compel compliance with the subpoena. Having considered the parties' briefs and accompanying submissions, the Court concludes that the motion may be decided based on the papers alone. For the reasons discussed below, the Court hereby **DENIES** MMCA's motion.

## I. FACTUAL & PROCEDURAL BACKGROUND

MMCA previously deposed Ms. Cvar on August 6 and 7, 2009. *See* Frucht Decl., Ex. H (depo transcript). A few days later, MMCA contacted PICA about deposing Ms. Cvar a second time. MMCA argued that it was entitled to a continued deposition because (1) PICA had produced documents only six days before her deposition on August 6 and (2) after her deposition was completed, MMCA determined that she testified falsely about these documents. *See* Frucht Decl., Ex. B (e-mail).

MMCA claims that it subsequently served a subpoena on Ms. Cvar on August 12, 2009.[1] The copy of the subpoena provided by MMCA reflects that it was issued out of the Eastern District of Virginia and that it requested only the production of documents, not testimony. The subpoena listed a production date of August 27, 2009 (*i.e.*, before the discovery cut-off of August 28, 2009). *See* Frucht Decl., Ex. A (subpoena).

## II. **DISCUSSION**

The Court must deny MMCA's motion on procedural grounds. As PICA points out, MMCA has filed its motion in front of the wrong court. The subpoena was issued out of the Eastern District of Virginia. *See* Frucht Decl., Ex. A (subpoena). Therefore, only that court can enforce the subpoena. *See* Fed. R. Civ. P. 45(c)(2)(B)(i) ("At any time, on notice to the [subpoenaed] person, the serving party may move the *issuing court* for an order compelling production or inspection.") (emphasis added); Fed. R. Civ. P. 45(a)(2), 1991 advisory committee notes ("[T]he court *in whose name the subpoena is issued* is responsible for its enforcement.") (emphasis added). MMCA claims that this Court could issue an advisory type opinion for the Virginia court; however, the authority it cites is not on point. In *1st Tech., LLC v. Rational Enters.*, No. 2:06-cv-01110-RLH-GWF, 2007 U.S. Dist. LEXIS 98051 (D. Nev. Nov. 13, 2007), the court concluded that a subpoena issued from the Nevada court could not be enforced with respect to a resident outside of Nevada; it addressed "other issues regarding the subpoena to the extent Defendants have standing to raise them, [only] because they are *likely to reoccur* once a valid subpoena is issued and served." *Id.* at *7 (emphasis added.) MMCA makes no such showing of a likelihood of reoccurrence in this Court. Finally, it should be noted that the subpoena only seeks documents, not deposition testimony. Thus, MMCA's argument that this Court has power over PICA and should compel Ms. Cvar's deposition as PICA's agent is irrelevant. MMCA has not pointed to any deposition notice that was served on either Ms. Cvar or PICA.

The Court also notes that MMCA's motion to compel – which was filed on September 21, 2009 – was not timely. Under the Civil Local Rules, no motion to compel may be filed more than

---

[1] It is not clear whether Ms. Cvar was properly served. PICA suggests that she was not.

seven court days after the discovery cut-off. *See* Civ. L.R. 26-2. MMCA claims that the discovery cut-off was September 11, 2009, instead of August 28, 2009, but the record does not support that claim. On August 21, 2009, the parties asked for an extension of the discovery cut-off – which was August 28, 2009 – in order to, *inter alia*, take the depositions of Jorge Mendoza, Robert Creswell, Robert Cozzolina, Tom Byrne, and three third-party corporate entities subpoenaed by HP. *See* Docket No. 581 (Stip. at 3-4). The parties specifically stated that they "*do not* seek a general extension of the discovery cut-off – but rather seek the extension only for the purpose of taking the depositions that were previously scheduled and that the parties have been unable, despite much effort, to complete," *i.e.*, those depositions listed above. Docket No. 581 (Stip. at 3) (emphasis in original). Nowhere did the parties mention the deposition of Ms. Cvar in the stipulation. Literally construed, the August 28 discovery cut-off applied to the discovery sought against Ms. Cvar.

On August 28, 2009, Judge Chesney held a telephone conference with the parties, and the civil minutes for that hearing reflect that the discovery deadline was extended from August 28 to September 11, 2009, for only the following depositions: Mr. Cozzolina, Mr. Creswell, Mr. Mendoza, Mr. Byrne, Mr. Cherry, and corporate entities subpoenaed by HP. *See* Docket No. 583 (civil minutes). Again, no mention was made of the deposition of Ms. Cvar. Thus, the extension of discovery did not apply with respect to the deposition of Ms. Cvar.

### III. CONCLUSION

For the foregoing reasons, the Court denies MMCA's motion to compel. The Court also vacates the hearing on the motion that was scheduled for November 4, 2009.

This order disposes of Docket No. 585.

IT IS SO ORDERED.

Dated: November 2, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge