IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMCA GROUP, LTD., | No. C-06-7067 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DEFERRING RULING IN PART ON HEWLETT-PACKARD COMPANY'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL; DIRECTIONS TO CLERK; DIRECTIONS TO PARTIES** |
| v. | |
| HEWLETT-PACKARD COMPANY, et al. | |
| Defendants | |

     Before the Court is defendant Hewlett-Packard Company's ("Hewlett-Packard") "Administrative Motion to File Under Seal its Motion to Exclude the Testimony of Plaintiff's Damages Expert, Randy Sugarman, and Evidence Submitted in Support Thereof," filed January 15, 2010.  No party has filed a response thereto.  Having read and considered the moving papers, the Court rules as follows:

     1. To the extent the motion seeks leave to file under seal material designated as confidential by Hewlett-Packard, good cause appearing, the motion is hereby GRANTED. Accordingly, the Clerk is DIRECTED to file under seal the unredacted versions of the Motion to Exclude, the Declaration of Robert Cozzolina, and Declaration of Samuel Liversidge.

     2. To the extent the motion seeks leave to file under seal material assertedly

1  designated as confidential by plaintiff MMCA Group, Ltd. ("MMCA"), by defendant PICA
2  Corporation ("PICA"), and by former defendant Pinkerton Consulting & Investigations
3  ("Pinkerton"),[1] the Court hereby DEFERS ruling thereon.  A responsive declaration, as
4  required by the Local Rules of this District, see Civil L.R. 79-5(d), has not been filed by
5  MMCA, PICA, or Pinkerton, and, consequently, the documents assertedly designated as
6  confidential by those parties may, at this time, be "made part of the public record," see id.
7  Nonetheless, because the respective failures of MMCA, PICA, and Pinkerton to file a
8  response to the instant motion may have been the result of inadvertence, the Court will
9  afford MMCA, PICA, and Pinkerton the opportunity to file, no later than February 8, 2010, a
10 declaration or declarations in response to the instant administrative motion.

11       3.  The deadline for Hewlett-Packard to file in the public record redacted versions of
12 the Motion to Exclude, the Declaration of Robert Cozzolina, and the Declaration of Samuel
13 Liversidge will be set upon resolution of the deferred portion of the instant administrative
14 motion.[2]

15       **IT IS SO ORDERED.**

17 Dated:  February 1, 2010

                                       MAXINE M. CHESNEY
18                                        United States District Judge

---

[1] Pinkerton was served with the instant administrative motion.

[2] Hewlett Packard does not contend, and the Court does not find, that the entirety of the Motion to Exclude and the supporting declarations are confidential.  Accordingly, redacted versions thereof must be filed in the public record.  See Civil L.R. 79-5(a) (providing motion to file document under seal "must be narrowly tailored to seek sealing only of sealable material").