IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MMCA GROUP, LTD,

    Plaintiff,

  v.

HEWLETT-PACKARD COMPANY, et al.,

    Defendants

                           /

No. C-06-7067 MMC

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR LIMITED RECONSIDERATION**

Before the Court is defendant Hewlett-Packard Company's ("HP") Motion for Leave to File Motion for Limited Reconsideration of Motion for Summary Judgment Order Regarding Solicitation of Independent Contractors, filed February 1, 2010 (hereafter, "Motion "), by which HP seeks reconsideration of the Court's denial of summary judgment on MMCA's breach of contract claim to the extent such claim is based on the alleged solicitation of Gabriela Toranzo, Mauro Chaves, Jacky Vandendriessche, Hoda Hafez, and Mohammed Shaltout.

In support of the instant motion, HP argues that the non-solicitation clause in the parties' Agreement is applicable only to HP's solicitation of "employees," and cites to various parts of the record assertedly establishing the status of the above-referenced individuals as independent contractors. (See Mot. at 4-5.) Additionally, HP argues,

1 "MMCA did not dispute that the non-solicitation clause applies only to employees or that [said individuals] were independent contractors." (See Mot. at 6:1-2.) Relying on Civil Local Rule 7-9, HP asserts "the Court's Order did not expressly consider the undisputed facts presented" in the instant motion. (See Mot. at 6:13-14); see also Civil L.R. 7-9(b)(3) (providing motion for leave to file motion for reconsideration of interlocutory order may be made where, inter alia, there has been "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order").

The flaw in HP's argument, however, is that the assertedly "undisputed facts presented" were not presented in support of HP's motion for summary judgment on the issue of solicitation. Indeed, it was not until HP's Supplemental Briefing that HP first made its argument that independent contractors should be distinguished from employees for purposes of the non-solicitation clause. (Compare HP's Motion for Partial Summary Judgment, filed October 31, 2008, at 6-7 and HP's Reply Brief, filed December 15, 2008, at 4-6 with HP's Supplemental Briefing, filed October 30, 2009 ("Supp. Brief at 10.)[1] Further, in making such argument in its Supplemental Briefing, HP merely identified the above-listed five individuals as "[independent] contractors" and argued: "The clause does not extend to them." (See Supp. Brief at 10:14.) No citation to any evidence in the record was provided in support of HP's assertion that such individuals were independent contractors. (See id.)[2]

Although HP, in seeking reconsideration, states it "produced undisputed evidence" in its summary judgment briefing that the five individuals were independent contractors (see Mot. at 5:18-20), the evidence HP lists as support for such assertion (see id. & n.2) was not cited earlier in support of HP's argument with respect to the non-solicitation clause. Rather,

---

[1] Further, although HP filed a supplemental reply (see Reply on Supplemental Motion for Summary Judgment Briefing, filed November 6, 2009), HP made no argument therein with respect to MMCA's non-solicitation claim; rather, HP confined its discussion to the sufficiency of MMCA's trade secret claims. (See id.)

[2] HP did not seek an independent ruling with respect to contract interpretation.

2

to the extent such evidence was cited, it was offered in support of unrelated arguments (see, e.g., Supp. Brief at 4-5 (contending with respect to trade secret claims, "'investigator identities' were not secret"); id. at 3-4 (grouping together as "MMCA affiliated investigators" both "independent contractors" and "employees" for purposes of trade secret discussion).) Of course, at trial, MMCA will bear the burden of proving each of its claims. On summary judgment, however, HP had the burden of producing evidence sufficient to demonstrate the absence of a triable issue of material fact, and the Court was not obligated to "scour the record," see Keenan v. Allan, 91 F3d 1275, 1279 (9th Cir. 1996), in an effort to determine whether HP could do so.

In sum, HP has failed to make the requisite showing under Civil Local Rule 7-9.

Accordingly, HP's Motion for Leave to File a Motion for Limited Reconsideration is hereby DENIED, without prejudice to HP's seeking a ruling in its favor on the issues raised therein at an appropriate time in the course of the trial.

**IT IS SO ORDERED.**

Dated: February 9, 2010

MAXINE M. CHESNEY
United States District Judge

3