IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMCA GROUP, LTD., <br><br>　　　　Plaintiff, <br><br>　v. <br><br>HEWLETT-PACKARD COMPANY, et al. <br><br>　　　　Defendants <br>　　　　　　　　　　　　　　　　　　／ | No. C-06-7067 MMC <br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFERRED PORTION OF HEWLETT-PACKARD COMPANY'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL [DOC. 737]; DIRECTIONS TO HEWLETT PACKARD** |

　　　　By order filed February 1, 2010, the Court granted in part and deferred in part ruling on defendant Hewlett-Packard Company's ("Hewlett-Packard") "Administrative Motion to File Under Seal its Motion to Exclude the Testimony of Plaintiff's Damages Expert, Randy Sugarman, and Evidence Submitted in Support Thereof." Specifically, the Court granted the motion to the extent Hewlett-Packard sought leave to file under seal material designated as confidential by Hewlett-Packard and deferred ruling on the motion to the extent the motion sought leave to file under seal material assertedly designated as confidential by plaintiff MMCA Group, Ltd. ("MMCA"), defendant PICA Corporation ("PICA"), and former defendant Pinkerton Consulting & Investigations ("Pinkerton"), in order to afford those entities additional time to file a responsive declaration to Hewlett's Packard administrative motion. Thereafter, MMCA and PICA filed responsive declarations;

Pinkerton did not.

Having read and considered the responsive declarations filed by MMCA and PICA, the Court rules as follows:

1. To the extent the administrative motion seeks leave to file under seal material designated as confidential by MMCA and PICA, the motion is hereby GRANTED.

2. To the extent the administrative motion seeks leave to file under seal material designated by Pinkerton as confidential, specifically, Exhibits M and O to the Declaration of Robert Cozzolina, the motion is hereby DENIED. See Civil L.R. 79-5(d).

3. Hewlett-Packard is hereby DIRECTED to file in the public record, no later than February 24, 2010, redacted versions of the motion to exclude, the Declaration of Robert Cozzolina, and the Declaration of Samuel Liversidge. Specifically, Hewlett-Packard is directed to file in the public record the portions of the above-referenced documents that do not discuss material the Court has directed be filed under seal in the instant order and in its February 1, 2010 order.[1]

**IT IS SO ORDERED.**

Dated: February 17, 2010

MAXINE M. CHESNEY
United States District Judge

---

[1] In its February 1, 2010 order, the Court found the Motion to Exclude and supporting declarations are not in their entirety confidential, and, accordingly, that Hewlett-Packard was required to file redacted versions thereof in the public record. See Civil L.R. 79-5(a) (providing motion to file document under seal "must be narrowly tailored to seek sealing only of sealable material").

2